IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

        Plaintiff,                  No. CIV S-06-1391 FCD EFB P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

        Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On November 9, 2006, the court dismissed plaintiff's complaint with leave to file an amended complaint. On December 13, 2006, plaintiff filed a first amended complaint.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff alleges that he is currently receiving psychiatric medication, namely Haldol, which causes his body temperature to vary uncomfortably. He alleges that this is exacerbated by poor air circulation and lack of adequate cooling measures. Because of this, he has sought relief by filing administrative appeals and state court actions. Plaintiff refers to the stipulated injunction in *Coleman*,[1] and complains that the measures undertaken to comply with that injunction are insufficient. Based on that claim, and his allegations that the adverse side effects from his psychiatric medication, Haldol, are not being properly managed, it appears that plaintiff is seeking enforcement of the *Coleman* injunction. If so, the appropriate procedure is to seek relief in that ongoing litigation.

Plaintiff alleges claims under the Americans With Disabilities Act. The Act states in pertinent part: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To allege a prima facie case under the ADA, plaintiff must allege (1) he is a qualified individual with a disability; (2) he was excluded

---

[1] *Coleman v. Schwarzenegger*, et al., Case No. CIV S-90-0520 LKK JFM P.

from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *see also Duffy v. Riveland*, 98 F.3d 447, 455 (9th Cir. 1995). Plaintiff also must allege such discrimination was intentional. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-40 (9th Cir. 2001) (to establish ADA claim, plaintiff must show he suffered intentional discrimination due to a disability). Plaintiff fails to allege that he is being intentionally discriminated against as a result of his disability and therefore fails to state a claim under the ADA.

Plaintiff further alleges that he is being retaliated against for filing grievances related to these issues. Plaintiff claims that "on October 13, 2005, [p]laintiff was retaliated against by M-3 Officer," for filing a staff complaint and for assisting another inmate to file an appeal, by being placed in segregation for five days. On January 31, 2006, plaintiff alleges that as a result of filing a group appeal on EOP discriminations he was again retaliated against by being placed in segregation. Plaintiff's complaint fails to identify which of the named defendants participated in this retaliation, or how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Because plaintiff fails to identify defendants in regards to his retaliation claims, these claims must also be dismissed. Plaintiff will, however, be given leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Plaintiff's amended complaint must allege in specific terms how each named defendant is involved. In addition, plaintiff is informed that the

court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has also sought a preliminary injunction. As noted, the motion appears to seek enforcement of the *Coleman* injunction and should have been sought in that litigation. While equitable relief may be available for a properly pleaded claim for violation of Title II of the ADA, the complaint does not allege an intentional violation of Title II. Given the failure to assert a new, independent cause of action herein plaintiff's motion for a preliminary injunction must be denied. To prevail upon an application for a preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). At an irreducible minimum, plaintiff must show at least some chance of success and the complaint must state a claim. Here, plaintiff complaint asserts allegations that the decree in *Coleman* is not being complied with. However, he has not filed a motion for enforcement of the injunction in that action. His ADA and retaliations claims must be dismissed for failure to state a claim.

Accordingly, it is hereby ordered that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

2. Plaintiff is granted a period of thirty days from the date this order is served in which to file a second amended complaint limited to his retaliation claims with named defendants;

3. Plaintiff's motion for preliminary injunction is denied without prejudice; and

1      4.  The Clerk of the Court be directed to serve a copy of plaintiff's complaint on Michael

2 Keating, Special Master, and plaintiffs' class counsel in *Coleman v. Schwarzenegger*, No. CIV

3 S-90-0520 LKK JFM P.

4 Dated:  March 7, 2007.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE